IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY AIKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 18-1483 |
| | ) |
| WILLIAM SHORT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendant William Short's Motion to Enforce Settlement Agreement. (ECF No. 39). For the reasons stated herein, Defendant Short's Motion will be granted in part and denied in part.

### I. Relevant Procedural History

This action was commenced in November of 2018 by Plaintiff Tammy Aikins in which she alleged, among other things, a violation of her freedom of speech rights under the First Amendment of the United States Constitution against Defendant Short, the Superintendent of the Gateway School District. (ECF No. 1).

The parties participated in an early neutral evaluation ("ENE") before a neutral, Maria Danaher, on June 13, 2019, at which time they agreed to a settlement in principle and signed a handwritten document that included the basic terms of their agreement. (ECF No. 25; Second Motion to Enforce, ¶¶ 3–4). Subsequently, after Ms. Aikins disputed the terms of a more formal written settlement agreement prepared by Defendant, Defendant filed a Motion to Enforce Settlement Agreement. (ECF No. 27). After a telephone conference with the parties, the Court directed the parties to return to mediation with Ms. Danaher. (ECF No. 35). On August 8, 2019,

Ms. Danaher filed a report of mediation which indicated that the lawsuit had been resolved. (ECF No. 36).

Shortly thereafter, on August 21, 2019, Defendant filed a second Motion to Enforce Settlement (the "Second Motion to Enforce") (ECF No. 39) which is the subject of this Opinion. Ms. Aikins filed a response to the Second Motion to Enforce (ECF No. 47) and immediately thereafter, Plaintiff's counsel, Jennifer Price, filed a Motion to Withdraw as Attorney ("Motion to Withdraw"). (ECF No. 48).

A hearing was held on September 5, 2019, at which counsel for both parties as well as Ms. Aikins were present. Oral argument took place regarding the Motion to Withdraw and after giving Ms. Aikins an opportunity to state her objections to her counsel's withdrawal, the Court granted Ms. Price's Motion to Withdraw. Ms. Aikins was then provided with the option of either obtaining a continuance of the hearing regarding the Second Motion to Enforce so that she had sufficient time to secure new counsel and/or otherwise prepare for a hearing, or to proceed with the hearing. After being given multiple opportunities to consider how she wished to proceed, including consulting with her husband who was present in the courtroom, Ms. Aikins elected to proceed with the hearing.

The hearing on the Second Motion to Enforce was then conducted during which both Ms. Price and Ms. Aikins testified. Both parties also presented oral argument.

II. **Relevant Facts**

   A. Background

According to the Second Motion to Enforce, the parties reached a settlement at the ENE and signed a handwritten document which set forth the basic terms of the settlement.[1] (Second

---

[1] Because the parties agreed that the terms of the settlement are confidential, the Court will only include general references to these terms.

Motion to Enforce, ¶¶ 3–4). During the ENE, the parties discussed that a formal agreement would need to be signed. (September 5, 2019 Hearing Transcript ("Tr."), at 2).

A formal settlement agreement was subsequently prepared by counsel for Defendant. A dispute arose over the meaning and breadth of a term as used in the first sentence of Paragraph 5 of the draft agreement. This term had also been used in the handwritten document prepared at the ENE. For a variety of stated reasons, including the issue of how the disputed term was defined and Plaintiff's claims that the formal agreement "looked different" than the handwritten version and that her computer was broken, Ms. Aikins refused to sign the formal agreement. (Defendant's Reply to Plaintiff's Response to Motion to Enforce Settlement (ECF No. 33), at 2 ("Reply"); Tr., at 2–3). She also attempted to make changes to the settlement agreement by crossing out a number of the paragraphs, including those related to a release of all claims. (Reply, at 2–3).

After they were ordered by this Court to return to mediation, but before the mediation took place, Jennifer Price, Plaintiff's counsel, advised counsel for the Defendant that Ms. Aikins would sign the previously supplied written agreement as long as an additional provision was added. (Second Motion to Enforce, ¶ 10; Tr., at 4–5, 18–19). Defendant agreed and sent an updated draft of the settlement agreement to Plaintiff's counsel on August 2, 2019. (Second Motion to Enforce, ¶ 11; Tr., at 15). In addition to adding Ms. Aikins' requested provision in a second sentence in Paragraph 5, Defendant also made a modification to the language in the first sentence of Paragraph 5. (Tr., at 15).

In the Motion to Withdraw that was filed after the Second Motion to Enforce, Ms. Price states that she reviewed the August 2, 2019 revised version of the settlement agreement, including both changes to Paragraph 5, with Ms. Aikins, including a line by line review, and that Ms. Aikins orally agreed to its terms. (Motion to Withdraw, ¶ 13). At the subsequent conference with Ms.

Danaher and defense counsel on August 6, 2019, Ms. Price represented that Ms. Aikins would sign the agreement that was provided to her on August 2, 2019. (Tr., at 15; Second Motion to Enforce, ¶ 12).

However, Ms. Aikins then refused to do so. (Tr., at 5; Second Motion to Enforce, ¶ 13).[2] Instead, she demanded that Ms. Price advocate for modifications and defend her position despite the fact that Ms. Aikins had orally agreed to the terms of the settlement. (Motion to Withdraw, ¶¶ 10–11). Plaintiff's Response also states that Ms. Aikins believes the change to the first sentence of Paragraph 5 is a "material change" to the parties' agreement and requested that the language in the original version of Paragraph 5, the version that Ms. Aikins had previously rejected, be used.[3] (Response, at 2).

In her Motion to Withdraw, Ms. Price represents that she was compelled to withdraw because there was no good faith argument to explain why Ms. Aikins refused to sign the agreement or continued to request modifications after Ms. Aikins had previously expressed a willingness to sign the agreement. (Motion to Withdraw, ¶¶ 14–15). Therefore, pursuant to Rules 1.16 and 3.1 of the Pennsylvania Rules of Professional Conduct, Ms. Price sought to withdraw. (*Id.* ¶¶ 1–2).

B. Hearing

During the hearing on the Second Motion to Enforce, Ms. Price stated that she reviewed the revised language with Ms. Aikins on many occasions and that while Ms. Aikins did not like the first sentence of Paragraph 5, she was "ready to move on." (Tr., at 5, 18–19). Ms. Aikins requested additional language to Paragraph 5 and made it clear to Ms. Price that she would sign

---

[2] According to the Response to Defendant's Second Motion to Enforce, Ms. Aikins orally agreed to sign the settlement agreement but "has shown reluctance in signing." (Response, at 2).

[3] Ms. Price disagrees with Ms. Aikins' contention that the revision to Paragraph 5 represented a "material change" to the parties' settlement agreement. (Motion to Withdraw, ¶ 21).

4

the agreement if that language was included. (*Id.* at 5). After this requested change was made, as well as an additional modification to the first sentence of the same paragraph, Ms. Price advised defense counsel that her client agreed to the settlement. (*Id.* at 14–15).

In her testimony at the hearing, Ms. Aikins stated that she gave Ms. Price the authority to act and speak on her behalf. (Tr., at 28). Ms. Aikins acknowledged that she understood that there would be additional provisions that would be added in a more formal document to flesh out what the parties agreed to at the ENE. (*Id.* at 22, 30). She also testified that she requested an addition to Paragraph 5 which was made; that Ms. Price provided her with a copy of the August 2, 2019 revised settlement agreement which included this revision as well as Defendant's revision to the first sentence of Paragraph 5; and that they discussed Defendant's revision. (*Id.* at 27, 31–32). However, Ms. Aikins denied that she ever agreed to the revised language in the first sentence of Paragraph 5. (*Id.* at 24–26).

### III. Standard of Review

The standard of review for a motion to enforce a settlement agreement is similar to the standard applicable to a motion for summary judgment. *Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir. 1991). Thus, in order to prevail on a motion to enforce a settlement, the movant must demonstrate that "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A reviewing court should treat all of the nonmovant's assertions as true, and "when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." *Tiernan*, 923 F.2d at 1032. If material facts are in dispute as to the existence or terms of an agreement to settle, a court should not grant a motion to enforce a settlement agreement without holding an evidentiary hearing. *Id.* at 1031. By contrast,

5

"no hearing is necessary where there is no dispute as to the existence of a settlement." *Id.* (citing *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988)).

## IV. Discussion

Settlement agreements are binding contracts and are construed in accordance with traditional principles of contract law. *Columbia Gas Systems, Inc. v. Enterprise Energy Corp.*, 50 F.3d 233, 238 (3d Cir. 1995). As held by the Court of Appeals for the Third Circuit, a voluntary agreement to settle a lawsuit is binding on the parties even in the absence of a writing. *See Green v. John H. Leis & Co.*, 436 F.2d 389 (3d Cir. 1970). In this case, the Court must determine if the parties reached an enforceable agreement regarding settlement of Ms. Aikins' claims.

It is undisputed that Ms. Price communicated to Defendant and to Ms. Danaher that the terms of the August 2, 2019 revised settlement agreement were acceptable to Ms. Aikins. Therefore, the critical question is whether Ms. Price had the authority to bind Ms. Aikins to the settlement.

The Court's jurisdiction in this case is predicated on the presence of a federal question. In resolving the pending motion, however, the Court will apply Pennsylvania law because the Third Circuit Court of Appeals has instructed courts to apply "the relevant state's law of agency where an attorney's authority to settle litigation is at issue as 'the focus [in such instances] is on the attorney's relationship with his clients' and 'no substantial federal interest is affected.'" *Sheet Workers Int'l Ass'n Local 27 Annuity v. New Brunswick Gen. Sheet Metal Works*, 67 F. App'x 159, 160 n.2 (3d Cir. 2003) (quoting *Tiernan*, 923 F.2d at 1033).

Under Pennsylvania law, "a client's attorney may not settle a case without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." *Reutzel v.*

6

*Douglas*, 870 A.2d 787, 790 (Pa. 2005). When an attorney agrees to a settlement on behalf of a client, a rebuttable presumption arises that he or she had the authority to do so. *Garabedian v. Allstates Eng'g Co., Div. of Allstates Design & Dev. Co.*, 811 F.2d 802, 803 (3d Cir. 1987). Once challenged, however, the court must determine whether the attorney was "indeed authorized . . . to settle on the terms set forth in the proposed settlement agreement." *Id.* at 804. Because this inquiry involves issues of fact and credibility, it is necessary to conduct an evidentiary hearing. *See id.* at 803 ("When relief from a judgment hinges upon a factual issue and credibility determinations are involved, a hearing should be held to determine entitlement to relief.").

Here, based upon the evidence presented at the hearing as well as the history of the parties' negotiations, the only matter that is in dispute is the first sentence of Paragraph 5 of the August 2, 2019 agreement. Ms. Price testified that she reviewed the language of the agreement with Ms. Aikins and while Ms. Aikins was not happy with it, she was agreeable to conclude the settlement as long as a second sentence was added at Ms. Aikins' request. Defendant agreed and added the requested sentence, but also modified the first sentence, and then sent the revised agreement to Ms. Price on August 2, 2019. Ms. Price sent the August 2, 2019 draft to Ms. Aikins and reviewed it with her. According to Ms. Price, Ms. Aikins agreed to sign it "more than once." Upon receiving Ms. Aikins' consent, Ms. Price communicated her agreement to Defendant. Ms. Aikins admits that Ms. Price had the authority to speak and act and on her behalf.

The Court finds that Ms. Price had the express authority to act on behalf of Ms. Aikins and to bind her to the revised settlement agreement. While Ms. Aikins testified at the hearing that she did not agree to the modification of the first sentence of Paragraph 5, the Court does not find this testimony to be credible. Ms. Price represented that she reviewed the revised agreement with Ms. Aikins "line by line" and that Ms. Aikins agreed to the terms of the revised document. Based upon

7

these discussions, and with her client's authority, Ms. Price communicated Plaintiff's assent to the revised terms of the settlement, thereby binding Ms. Aikins to these terms. As an officer of the court, Ms. Price then felt that it was her ethical duty to withdraw rather than comply with Ms. Aikins' instructions to advocate for modifications to the agreement when Ms. Aikins had previously agreed to sign it.

Moreover, the history of the settlement negotiations in this case reflect a pattern by Ms. Aikins of agreeing to settlement terms only to later change her mind. *See, e.g.,* first Motion to Enforce Settlement filed on July 15, 2019; Reply; Second Motion to Enforce; Motion to Withdraw. However, Plaintiff's change of heart regarding the August 2, 2019 settlement agreement, a change that was not communicated to Ms. Price *before* Ms. Price advised Defendant that Ms. Aikins agreed to the settlement terms, was too late. *See, e.g., Gross v. Penn. Mut. Life Ins. Co.*, 396 F. Supp. 373, 375 (E.D. Pa. 1975) (An enforceable settlement agreement exists, even if it is clear that a party "had a change of heart between the time he agreed to the terms of the settlement and when they were reduced to writing.").

In sum, after thoroughly reviewing all of the evidence and the credibility of the witnesses, the Court finds that Ms. Price had the express authority of Ms. Aikins to accept the terms of the August 2, 2019 settlement agreement. As such, the parties' settlement became enforceable on August 6, 2019 when Ms. Price communicated Ms. Aikins' acceptance at the conference with Ms. Danaher and defense counsel.

Defendant also requests the Court to require Ms. Aikins to pay counsel fees incurred by Defendant in filing this motion. (Second Motion to Enforce, ¶ 17). After careful consideration of all of the facts and circumstances involved in this matter, the Court declines to award counsel fees to Defendant.

Based on the foregoing, Defendant's Motion to Enforce Settlement Agreement (ECF No. 39) will be granted in part and denied in part.

**ORDER**

And now, this 11th day of October, 2019, it is hereby ORDERED that Defendant's Motion to Enforce Settlement (ECF No. 39) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED regarding the enforcement of the settlement reached on August 6, 2019. Therefore, it is ORDERED that the Settlement Agreement attached to the Motion to Enforce Settlement as Exhibit A (ECF No. 39-1) is hereby enforced and both Plaintiff Tammy Aikins and Defendant William Short are legally bound by and shall comply with all of its terms and conditions. Defendant's request in the Motion to Enforce Settlement for counsel fees is DENIED.

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge

cc: Tammy Aikins